Pearson, J.
The action is against the defendants as sureties on the bond of a constable, dated 16th February, 1842. The relators, in February, 1842, put several claims in the hands of the constable for collection; among others these small claims upon persons, who were admitted to be good. The writ issued in October, 1845, and the defendants relied on the statute of limitations. His Honor charged the jury that, if the constable could have collected these small claims, between February and October, 1842, his omission to do so was a breach of the bond and gave the relators a cause of action immediate!}7 against the defendants, and they were protected in regard to their claims by the statute of limitation. To this the plaintiff excepts. There is error :— The omission to collect was a breach of a continuous nature. Adroit there was a breach by a failure to collect before October, 1842, non constat that there was not a breach for a failure to collect after October, 1842, to which latter breach the statute of limitations was of course no bar. The plaintiff was not obliged to sue for a breach before October, 1842, and had the same or even more cause of complaint, because of an omission to collect between October, 1842, and February, 1843, when his office expired. The, defendant’s counsel, admitting the error, insist that it was immaterial, for that the jury found for the relators and allowed them damages in regard to their then small claims, notwithstanding the charge of the Court: — The verdict is for $14 damages. It may well be, that this is for a breach in regard to some of the other claims, but it is sufficient to say,-that when there is error in the charge, and it is excepted to, there must be a venire de novo, unless the appellee can shew conclusively from *423 the record that the error could not in any wise have affected the verdict.
Per C orí am. Judgment reversed, venire de novo.